IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANELA EJUPOVIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File |
| v. | ) No. |
| | ) |
| VESTA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Anela Ejupovic ("Ejupovic" or "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendant Vesta Corporation ("Defendant" or "Vesta"), and shows the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs, front pay, compensatory damages, pre-

judgment interest and punitive damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Vesta Corporation is an Oregon company. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff claims occurred in this district.

## III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from January 2013 through November 19, 2015.

7.

Throughout the above referenced period, Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

On or about May 27, 2013, Plaintiff was promoted from a non-exempt call center position in which she was paid an hourly rate of $12.00/hour to a non-exempt Administrative Assistant position in which she was paid a salary of $32,000 per year.

9.

Following Plaintiff's promotion to an Administrative Assistant position, Plaintiff was paid on a salary basis and was not provided overtime compensation for hours she worked in excess of (40) in given workweeks.

10.

Throughout her employment with Defendant, Plaintiff regularly worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for many hours worked over (40) in such weeks.

11.

Throughout her employment with Defendant as an Administrative Assistant, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

During the last three years, Defendant suffered or permitted Plaintiff to work in excess of (40) hours in given workweeks without receiving overtime compensation.

14.

During the last three years, Defendant knew or had reason to know that Plaintiff worked in excess of (40) hours in given workweeks without receiving overtime compensation.

15.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

16.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

17.

During the last three years, while employed by Defendant as an Administrative Assistant, Plaintiff's primary duty was the performance of non-exempt work.

18.

In particular, Plaintiff spent her work days as an Administrative Assistant performing secretarial work with no decision making authority.

19.

Although Plaintiff was classified as exempt, she did not have authority to exercise discretion or independent judgment with respect to any important company business.

## Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

20.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

21.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

22.

Defendant suffered and permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

23.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

24.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

25.

Defendant's violations of the FLSA were willful and in bad faith, thus entitling Plaintiff to a three-year statute of limitations for their claims.

26.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Count II

### Violation of the Retaliation Provision of the Fair Labor Standards Act

27.

Defendant has violated the FLSA, 29 U.S.C. § 215(a)(3), by discharging Plaintiff from her employment because she made a complaint under the FLSA.

28.

The FLSA, 29 U.S.C. § 215(a)(3) makes it unlawful for an employer to discharge or in any other manner discriminate against any employee because such

employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA.

29.

Defendant fired Plaintiff for refusing to sign a severance agreement that included a waiver of her overtime claim.

23.

Defendant's actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision by firing her for asserting her rights under the FLSA.

24.

Defendant knew, or showed reckless disregard for the fact that it terminated Plaintiff for asserting her rights under the FLSA.

25.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover lost wages and liquidated damages, front pay, compensatory damages, reasonable attorney's fees, pre-judgment interest and punitive damages associated with her retaliation claim.

**Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

This  11th  day of March, 2016.

**SEXTON LAW FIRM**

/s/ Jonathan Sexton
Jonathan P. Sexton
Georgia Bar No. 636486
Attorney for Plaintiff Anela Ejupovic

JONATHAN P. SEXTON, PC
505 Corporate Center Drive
Suite 104
Stockbridge, GA 30281
770-474-9335 phone
866-529-0828 fax
jsexton@sextonlawfirm.com